**FILED**

OCT 3 0 2007

OCT. 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

JOSE ANDREU,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

Defendant.

**07CV6132
JUDGE DER YEGHIAYAN
MAG. JUDGE MASON**

)
)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1332(a), 1441(a) and (b) and 1446, Defendant United Parcel Service ("UPS") hereby removes the subject action from the Circuit Court of the Eighteenth Judicial District, County of DuPage, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, on the following grounds:

1.    Plaintiff Jose Andreu ("Andreu") served UPS's attorney of record with a copy of the Complaint via U.S. Mail on or about October 18, 2007. A copy of the Complaint is attached hereto as Exhibit A. Andreu filed the Complaint in the Circuit Court of the Eighteenth Judicial District, County of DuPage, Illinois on or about October 15, 2007.  No other process, pleadings or orders have been served on UPS in this matter.[1]

2.    Andreu's complaint alleges retaliatory discharge in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/1 *et seq.*

---

[1] This matter was originally captioned Case No. 07 C 00473 in the U.S. District Court for the Northern District of Illinois and assigned to Judge Der-Yeghiayan and originally consisted of the ongoing Illinois state law worker's compensation retaliation matter and a dismissed federal claim brought pursuant to COBRA. On September 25, 2007, the Plaintiff sought leave to file an amended complaint without the COBRA claim and based on supplemental jurisdiction. On September 28, 2007, Judge Der-Yeghiayan declined to exercise supplemental jurisdiction over the remaining claim and dismissed the retaliation claim without prejudice.  Plaintiff filed an agreed motion for reconsideration on October 1, 2007 stating that the matter should be retained on the basis of diversity jurisdiction. Judge Der-Yeghiayan denied the motion for reconsideration on October 10, 2007.

3.      This Court has original jurisdiction in this civil action pursuant to 28 U.S.C. § 1332(a).  UPS is entitled to remove this suit because of diversity of citizenship.  Andreu is a citizen of the State of Illinois.  (Complaint ¶ 2).  UPS is an Ohio corporation (Complaint ¶ 3) with its home office in Atlanta, Georgia, therefore UPS is a citizen of Ohio and Georgia.

4.      The amount in controversy exceeds $75,000.00.  Plaintiff is seeking lost wages in his suit.  (Complaint p. 6).  During the pendency of this matter before Judge Der-Yeghiayan (as referenced in footnote 1), Plaintiff served UPS with his Rule 26(a)(1) Initial Disclosures dated April 27, 2007.  In his Initial Disclosures, Plaintiff stated he had lost and sought to recover approximately $95,000.00 in lost wages.  A true and accurate copy of Plaintiff's Rule 26(a)(1) Initial Disclosures is attached as Exhibit B.

5.      Removal to this Court is proper because the Northern District of Illinois embraces the Circuit Court of the Eighteenth Judicial District, County of DuPage, where this action was filed.

6.      Contemporaneous with the filing of this Notice of Removal, UPS has given the Circuit Court of the Eighteenth Judicial District, County of DuPage, Illinois written notice of same in the form attached to this Notice as Exhibit C.

WHEREFORE, Defendant United Parcel Service removes the subject action from the

Circuit Court of the Eighteenth Judicial District, County of DuPage, Illinois to this United States

District Court.

DATED:   October 30, 2007                    UNITED PARCEL SERVICE, INC.

By: _____
                                                              One of Its Attorneys

John A. Klages, #06196781
D. Scott Watson, #06230488
Gary R. Clark, #06271092
Ellen M. Girard, #06276507
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL  60661-2511
312/715-5000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing

United Parcel Service's NOTICE OF REMOVAL to be served upon the below-listed counsel, by

U.S. mail, properly addressed and prepaid, and deposited in the U.S. Mail at 500 W. Madison

Street, Chicago, Illinois, before the hour of 5:00 p.m. this 30th day of October, 2007:

> Timothy J. Coffey
> The Coffey Law Office, P.C.
> 1403 East Forest Avenue
> Wheaton, Illinois 60187
> Email: tcofflaw@sbcglobal.net

D. Scott Watson

## **EXHIBIT A**

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT
## COUNTY OF DUPAGE

JOSE ANDREU,                          )
                                      )2007L001072
        Plaintiff,                    )
                                      )Status Date: 01/14/08
        vs.                           )Mgmt Date: 04/01/08
                                      )Assigned To: 2010
UNITED PARCEL SERVICE, INC.,          )
                                      )
        Defendant.                    )

**FILED**

Oct 15 2007 - 13:18 PM

*Chris Kachiroubas*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

### COMPLAINT

Plaintiff, JOSE ANDREU, by and through his attorneys, THE COFFEY LAW OFFICE, P.C., and pursuant to leave of court, complains against Defendant UNITED PARCEL SERVICE, INC., as follows:

### Nature of Case

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's illegal retaliatory discharge in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/1 *et seq.*, and the common law and public policy of the State of Illinois.

### Jurisdiction and Venue

2. Plaintiff, Jose Andreu (hereafter "Jose"), is an individual residing at all relevant times in Chicago, Illinois, County of Cook.

3. Defendant, United Parcel Service, Inc. (hereafter "UPS"), is an Ohio corporation registered and licensed to do business in Illinois.

4.   Venue is proper in this Court in that Defendants' illegal acts complained of herein took place within this Court's geographical jurisdictional boundaries at UPS' Addison, Illinois facility.

**Relevant Facts**

5.   Jose began his employment with UPS in or around September 1996.

6.   Starting in 2003, Jose began working for UPS in the position of package driver. In this position, among other duties, he reported each work day to UPS' Addison, Illinois facility and delivered parcels in UPS' vehicles, departing from and returning to the Addison facility each work day.

7.   On or about January 24, 2005, Jose injured his back at work while on his assigned route delivering packages (hereafter the "work accident").

8.   He immediately called into UPS and reported the work accident and his resulting back injuries.

9.   Later in the day on January 24, 2005, one of Jose's superiors, Dave Ziltz, met Jose out on his route. Upon meeting Jose out on his route, Mr. Ziltz stated to Jose that he believed Jose was lying about the work accident and/or related injuries, and faking his pain.

10.  At various times subsequent to January 24, 2005, Mr. Ziltz repeated his assertions and belief that Jose was lying about the work accident and/or related injuries, and faking his pain.

11. Also on January 24, 2005, upon Jose's return to UPS' Addison facility at the end of his work day, he sat down with Mr. Ziltz and observed Mr. Ziltz type the work accident and related injury information into a computer. He also observed and listened as Mr. Ziltz called UPS' worked compensation insurance carrier, Liberty Mutual, and reported the work accident and related injuries.

12. On January 25, 2005, Jose was examined by UPS' physician, Dr. Anthony Tesmond, in connection with the injuries he sustained from the work accident.

13. Following the work accident, Jose missed work on January 25th and 26th.

14. Upon returning to work on January 27, 2005, Jose advised Dave Ziltz that he was still experiencing back pain from the injuries he sustained from the work accident.

15. In January and February 2005, Jose was examined several additional times by Dr. Tesmond and/ or other physicians in his office in connection with the injuries he sustained from the work accident.

16. Dr. Tesmond and/or his office notified UPS and/or its workers' compensation insurer of each and every occasion that Jose received medical treatment in connection with the injuries he sustained from the work accident.

17. In February and early March 2005, Jose sought and received additional medical treatment from his own physicians in connection with the injuries he sustained from the work accident.

18. In February and early March 2005, Jose's physicians notified UPS and, in some instances, Jose's direct supervisors, of Jose's ongoing treatment for the injuries he sustained from the work accident, his prognosis and/or ability to return to work.

19.  On or about February 9, 2005, Dave Ziltz met Jose while he was on his route delivering packages. Upon his arrival at Jose's truck, Mr. Ziltz was angry and yelling at Jose. Mr. Ziltz accused Jose of lying about the number of packages and/or stops he had left for the day in an earlier communication Jose had with the Addison facility. Dave Ziltz told Jose he would be fired.

20.  On or about February 11, 2005, Jose informed his superiors that he could no longer perform his duties due to the pain he was experiencing from the work accident and related injuries. He subsequently missed several days of work, and continued to receive medical treatment. He returned to work on or about February 17, 2005.

21.  On March 4, 2005, Jose's superior, Kerri Snyder, told Jose that his employment with UPS was terminated effective immediately for alleged being dishonest on February 9, 2005. Mr. Snyder then asked another supervisor who was present to escort Jose off of the premises.

22.  At all relevant times, Jose's performance met or exceeded UPS' legitimate expectations. Jose was not dishonest on February 9, 2005, and did nothing to legitimately warrant the termination of his employment.

## UPS TERMINATED JOSE'S EMPLOYMENT IN RETALIATION FOR HIS PROTECTED ACTIVITIES IN VIOLATION OF THE ILLINOIS WORKERS' COMPENSATION ACT, COMMON LAW AND PUBLIC POLICY

23.    Jose's reporting the work accident and related injuries to UPS on January 24, 2005, and seeking medical treatment for such injuries commencing on January 25, 2006, and continuing through the day UPS terminated his employment (i.e., March 4, 2005), all as described above, are activities protected by the Illinois Worker's Compensation Act, 820 ILCS 305/1 *et seq.* (the "Act") .

24.    UPS was aware of Jose's protected activities under the Act as described above at the time it decided to terminate his employment.

25.    Jose's protected activities under the Act were a motivating factor behind UPS' decision to terminate his employment.

26.    As such, UPS' termination of Jose's employment on March 4, 2005, was causally related to his protected activities under the Act.

27.    UPS' termination of Jose was therefore an illegal retaliatory discharge in contravention of Illinois public policy as stated and set forth in the Act.

28.    As a direct and proximate result of UPS' illegal termination of his employment, Jose has suffered a loss of income in the form of wages and prospective retirement benefits, social security and other employment benefits, emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and he is expected to incur future damages.

29.     The above described conduct by UPS was wilful and wanton, and with reckless disregard and indifference to the law and the public policy of Illinois, and to Jose's rights. UPS should therefore be subject to punitive damages as an example to deter others from engaging in conduct of this kind.

**Wherefore**, Plaintiff, JOSE ANDREU, respectfully prays unto this Honorable Court as follows:

A.     Order UPS to make him whole by paying him appropriate amount of lost wages, reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.     Order UPS to immediately reinstate him to his former position; or, in the alternative, order Defendants to pay Jose an appropriate amount of front pay;

C.     Order UPS to pay him punitive and compensatory damages in the maximum amount allowable under the law;

D.     Order UPS to pay his costs incurred in bringing this action, including, but not limited to, expert witness fees;

E.     Try all issues of fact to a jury; and,

F.    Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, JOSE ANDREU

By: _____

Timothy J. Coffey, Esq.
THE COFFEY LAW OFFICE, P.C.
DuPage County Attorney No. 25571
Attorneys for JOSE ANDREU
1403 E. Forest Avenue
Wheaton, IL  60187
(630) 534-6300

## **EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOSE ANDREU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 00473 |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| Defendant. | ) | Magistrate Judge Mason |

### PLAINTIFF'S RULE 26 (a)(1) INITIAL DISCLOSURES

Plaintiff, JOSE ANDREU, by and through his attorneys, THE COFFEY LAW

OFFICE, P.C., states as follows for his Initial Disclosures pursuant to Rule 26(a)(1) of

the Federal Rules of Civil Procedure:

(A)     The name and, if known, the address and telephone number of each

individual likely to have discoverable information that Plaintiff may use to support his

claims, unless solely for impeachment, identifying the subjects of the information.

1.     Jose Andreu
Contact through his attorneys, The Coffey Law Office, P.C.

Subjects of information: his employment with Defendant and termination
therefrom; his January 2005 on the job injury and related medical treatment;
Defendant's policies, procedures and practices; Defendant's communication
and call system; communications with co-employees and superiors regarding his
employment with Defendant, his January 2005 on the job injury, and other
relevant subjects; his medical care and treatment in connection with his on the
job injury and COBRA claim; his work environment and other issues; his
attempts to find comparable employment since Defendant terminated his
employment; his emotional distress and physical ailments caused by
Defendant's conduct; and other relevant subjects.

1

Andreu 12

2.    Jill Andreu
      Contact through her attorneys, The Coffey Law Office, P.C.

      Subjects of information: Plaintiff's monetary damages and emotional distress
      caused by Defendant's conduct, and other relevant subjects.

3.    Dr. Anthony G. Tesmond, and/or other physicians, employees, agents of
      Addison Medical Center
      510 S. Grace Street
      Addison, IL   60101
      (630) 543-4040

      Subjects of information: Medical treatment of Plaintiff related to his January 2005
      on the job injury, and communications related thereto; and other relevant
      subjects.

4.    Dr. Mark A. Turner, Dr. Staci Aherns, and/or other physicians, employees,
      agents of Turner Pain & Wellness Center
      1222 N. Eola Road
      Aurora, IL    60502
      (630) 499-8804

      Subjects of information: Medical treatment of Plaintiff related to his January 2005
      on the job injury, and communications related thereto; and other relevant
      subjects.

5.    Dr. George Charuk, Dr. Alexander Ghanayem, Dr. John M. Santaniello, and/or
      other physicians, employees, agents of Loyola University Medical Center
      2160 South First Avenue
      Maywood, IL 60153
      (708) 216-3280

      Subjects of information: Medical treatment of Plaintiff related to his January 2005
      on the job injury, and communications related thereto; and other relevant
      subjects.

6.    Dr. Michael Treister Ltd., and/or other physicians, employees, agents of
      Treister Orthopaedic Services
      1431 N. Western Avenue
      Suite 510
      Chicago, IL   60622
      (312) 633-5866

2

Subjects of information: Medical treatment of Plaintiff including, but not limited to treatment related to his January 2005 on the job injury, and costs and expenses and communications related thereto; and other relevant subjects.

7.    Melissa Spagnoli
      Liberty Mutual
      1000 Plaza Drive
      Schaumburg, IL    60173

      Subjects of information: Plaintiff's workers compensation claim arising from and related to his January 2005 on the job injury, and communications related thereto; and other relevant subjects.

8.    Pam Treadwell

      Ken Emanuelson, Rick Cantu, and/or other employees, agents, and/or officers of Teamsters Local 705
      1645 W. Jackson Blvd.
      Chicago, Il    60612-3227
      (312) 738-2800

      Subjects of information: Plaintiff's employment with Defendant; the Local 705 IBT grievance related to Defendant's February 9, 2005, decision to put Plaintiff on notice of termination, and communications related thereto; Defendant's communication and call system; and other relevant subjects.

9.    Dave Ziltz, Kerri Snyder, Steve Morenti, Randy Dunn, Tom Haefke, Cheryl Bast, Geraldo Mandez, Pam Treadwell, Jim Prunet or Prunett, Melissa Deltoto, Jill Schmit or Schmid, Mike Ballu, and/or other former or current employees and/or agents of Defendant.

      Subjects of information: Plaintiff's employment with Defendant and termination therefrom; their own employment with Defendant; Plaintiff's January 2005 on the job injury; on the job injuries of other employees of Defendant; Defendant's communication and call system; Defendant's policies, procedures and practices; communications with co-employees and superiors regarding Plaintiff; and, other relevant subjects

3

10.    Betty J. Smith
Local 705 IBT Pension Fund
1645 W. Jackson Blvd.
Chicago, IL   60612
(312) 738-2811

Subjects of information: her September 14, 2005, letter to Plaintiff regarding his
pension benefit and communications related thereto; Plaintiff's pension benefit;
and other relevant subjects.

11.    Alisha P. Bhutani, and/or other attorneys, employees, and/or agents of Powers &
Moon, LLC
707 Lake Cook Road
Suite 309
Deerfield, IL 60015
(847) 412 1274

Subjects of information: Costs, expenses, interest and fees Plaintiff incurred
and/or owes related to medical treatment; and other relevant subjects.

12.    One or more employees, agents of Gottlieb Memorial Hospital
701 W. North Avenue
Melrose Park, IL    60160
(708) 450-4902

Subjects of information: Costs, expenses, interest and fees Plaintiff incurred
and/or owes related to medical treatment; and other relevant subjects.

13.    Financial Damages Expert (Not yet identified)

Subjects of information: Plaintiff's monetary damages and emotional distress
caused by Defendant's conduct, and other relevant subjects.

14.    Computer/Communications Expert (Not yet identified)
Subjects of information: Defendant's communication and call system, and
communications involving and/or related to Plaintiff through such system on
February 9, 2005; and other relevant subjects.

Plaintiff's investigation and discovery into this matter continues

(B)      A copy of, or a description by category and location of, all documents,

data compilations, and tangible things that are in the possession, custody, or control of

Plaintiff and that Plaintiff may use to support his claims, unless solely for impeachment.

1.      Medical records regarding the treatment of Plaintiff at the Addison Medical
        Center.

2.      Medical records regarding the treatment of Plaintiff at Turner Pain & Wellness
        Center.

3.      Medical records regarding the treatment of Plaintiff at Loyola University Medical
        Center.

4.      A copy Plaintiff's personnel file mailed to his attorney by Attorney John A. Klages
        bates stamped UPS 0001 to UPS 0041, along with Attorney Klages' February
        20, 2006, cover letter.

5.      Various correspondence by Plaintiff's workers compensation attorney.

6.      September 14, 2005, letter to Plaintiff from Betty J. Smith at Local 705 IBT
        Pension Fund.

7.      Plaintiff's Local 705 IBT grievance related to Defendant's February 9, 2005,
        decision to put Plaintiff on notice of termination.

8.      Plaintiff's 2004 and 2005 W-2 wage statements from Defendant.

9.      Various paystubs from Plaintiff' employment with Defendant.

10.     Various documents related to Plaintiff's pension and other benefits through his
        employment with Defendant.

11.     Documents regarding and related to Plaintiff's search for comparable
        employment following his termination.

12.     Documents related to Plaintiff's health and dental insurance and out-of-pocket
        medical costs after his termination.

13.     Defendant's February 23, 2006, "COBRA Enrollment Notice" to Plaintiff, and
        other documents related to Plaintiff's COBRA claim including, but not limited to,
        documents bates stamped 000001 to 000009

14.     Any documents identified by Defendant in its Rule 26 disclosures.

(C)    A computation of any category of damages claimed by Plaintiff, making

available for inspection and copying as under Rule 34 the documents or other

evidentiary material, not privileged or protected from disclosure, on which such

computation is based, including materials bearing on the nature and extent of injuries

suffered.

1.    Lost Wages.  Plaintiff has lost approximately $95,000.00 in wages to date, not including lost raises or bonuses, since his termination.

2.    Lost Benefits.  Amount not yet known.  Plaintiff will retain an expert to value this element of damages.

3.    Lost Pension.  Plaintiff seeks compensation for his lost pension benefits through the date he would have retired from his position with Defendant but for Defendant's illegal conduct.  Plaintiff anticipates retaining an expert to value this category of damages at trial.

4.    Out-of-Pocket Health Care Costs.  Plaintiff seeks to recover all medical expenses incurred by him and his family which would have been paid by and through his health insurance coverage under Defendant's plan health.

5.    Prejudgment Interest.  Plaintiff seeks prejudgment interest on his lost wages and benefits at the prevailing rate pursuant to 29 U.S.C. § 2617 (a)(1)(A).

6.    Reinstatement or Front Pay.  Plaintiff seeks reinstatement to his former position with Defendant. Alternatively, Plaintiff seeks front pay for a 5 year period following the date a judgement is entered in his favor.

7.    Emotional Distress.  Plaintiff seeks a minimum of $100,000 in compensatory damages for the emotional distress he suffered because by Defendant's illegal conduct.

8.    COBRA Penalty. Pursuant to 29 U.S.C. § 1132( c), Plaintiff will ask the court to award him the maximum daily penalty for each day Defendant was late in providing him with notice of his COBRA rights.

9.    <u>Attorney Fees and Costs.</u> Should he prevail on his COBRA claim, Plaintiff will seek to recover from Defendant his attorneys fees, expert witness fees and other costs incurred in bringing such claim pursuant to 29 U.S.C. § 1132(g). To date this amount is approximately $4,000.

Dated:       April 27, 2007

                     Respectfully Submitted,
                     JOSE ANDREU, Plaintiff,

By: _____
                     Timothy J. Coffey
                     THE COFFEY LAW OFFICE, P.C.
                     Attorneys for JOSE ANDREU
                     1403 E. Forest Avenue
                     Wheaton, IL 60187
                     (630) 534-6300

## CERTIFICATION OF SERVICE

I hereby certify that I served a true, accurate and complete copy of the foregoing Plaintiff's Rule 26(a)(1) Initial Disclosures to the following attorneys of record for Defendant by first-class, U.S. mail, postage pre-paid, on the 27th day of April, 2007.

D. Scott Watson
Quarles & Brady LLP
500 West Madison
Suite 3700
Chicago, IL 60661

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
Attorneys for JOSE ANDREU
1403 E. Forest Avenue
Wheaton, IL 60187
(630) 534-6300

8

# **EXHIBIT C**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT
COUNTY OF DUPAGE

JOSE ANDREU,                                    )
                                                )
            Plaintiff,                          )
                                                )
        v.                                      )    Case No. 2007 L 001072
                                                )
UNITED PARCEL SERVICE, INC.,                    )
                                                )
            Defendant.                          )

## NOTICE OF REMOVAL

Please take notice that on this date Defendant United Parcel Service, Inc. filed in the

United States District Court for the Northern District of Illinois, Eastern Division, a Notice of

Removal of the above-entitled action to the United States District Court.  Attached as Exhibit A

is a copy of the Notice of Removal filed with the District Court.

DATE:  October 30, 2007                    UNITED PARCEL SERVICE, INC.


                                           _____
                                           One of Its Attorneys

John A. Klages
D. Scott Watson
Quarles & Brady LLP
500 W. Madison St.
Suite 3700
Chicago, Illinois  60661
312/715-5000
Firm No. 36566

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing United Parcel Service's NOTICE OF REMOVAL to be served upon the below-listed counsel, by U.S. mail, properly addressed and prepaid, and deposited in a U.S. Mail receptacle at 500 W. Madison Street, Chicago, Illinois, before the hour of 5:00 p.m. this 30th day of October, 2007:

> Timothy J. Coffey
> The Coffey Law Office, P.C.
> 1403 East Forest Avenue
> Wheaton, Illinois  60187
> Email: tcofflaw@sbcglobal.net

D. Scott Watson