IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE ANDREU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 06132 |
| v. ) | |
| ) | Judge Der-Yeghiayan |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT UNITED PARCEL SERVICE'S
MOTION FOR SUMMARY JUDGMENT**

Defendant United Parcel Service ("UPS") moves this Court for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1 on all claims brought by Plaintiff Jose Andreu ("Andreu") and in support of this Motion states as follows:

1. Andreu claims that UPS retaliated against him for filing a worker's compensation claim in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/1 et seq. and the common law and public policy of the State of Illinois.

2. Andreu is a resident of Cook County, Illinois and at all relevant times was employed by UPS in its Addison, Illinois facility and was a member of the International Brotherhood of Teamsters Local 705 ("Local 705"). UPS is an Ohio corporation with facilities throughout Illinois and its principal place of business is in Atlanta, Georgia.

3. Andreu was a UPS package car swing driver. On February 9, 2005, he was assigned the Route 59 route on the south and east sides of Peoria, Illinois.

4. That afternoon Andreu was contacted by UPS through an ODS, or text message, through his delivery information acquisition device ("DIAD"), and told to "break your route and go pick up Bernina ASAP". The Bernina pick-up was time sensitive and needed to be completed

by 4:30.

5.     Rather than follow this instruction, Andreu responded through the DIAD that he wanted to take lunch and he had a lot of stops left.

6.     Andreu received a second ODS message asking him how many stops he had left. He called the UPS center around 4 p.m. and told UPS OMS Cheryl Bast he had approximately sixty (60) stops remaining on his vehicle, he wanted to take lunch and breaking his route would cause him to return to the building late.

7.     Bast informed UPS Supervisor David Ziltz that at 4:00 p.m. Andreu claimed he had sixty (60) stops remaining on his package car and didn't want to make the Bernina pick-up.

8.     Andreu was again told by Bast by ODS message at about 4:15 to break off his route and go to Bernina and meet with Ziltz there.  This time Andreu complied.

9.     Ziltz was waiting at Bernina when Andreu arrived between 4:42 and 4:45 p.m.  Ziltz checked Andreu's package car and found that he had only about twenty (20) stops left.

10.    Ziltz told Andreu he had been untruthful about the number of deliveries he had left when he was told to "break off route" and go ASAP to Bernina and that he would be called into the office the next day and fired for lying about the number of packages.

11.    Ziltz does not have the authority to unilaterally discharge employees.

12.    Ziltz informed then UPS Aurora Center Manager Kerry Snyder of this untruthful incident with Andreu and Bast prepared a memo summarizing her communications with Andreu that day.

13.    Snyder met with Andreu and his Union Steward on February 10, 2005.  Snyder listened to Andreu tell his story, including admitting that he claimed he had "about 60" stops left.

14.    After he had heard everything, Snyder told Andreu that he was on notice of

2

termination for this untruthful attempt to avoid a work instruction. Although Andreu could have been terminated immediately for dishonesty under the collective bargaining agreement, Snyder elected to go with the less punitive notice of termination which allowed Andreu to work while the Union presumably exercised its right to file a grievance.

15. The relevant collective bargaining agreement between UPS and Local 705 requires that grievances challenging disciplinary action be filed with the Company within fifteen (15) days.

16. No grievance was filed on Andreu's behalf more than twenty (20) days after Andreu's Notice of Termination, so on March 4, 2005, Snyder met with Andreu and Union Steward Rick Cantu and terminated Andreu's employment.

17. Snyder testified that, had a grievance been timely filed, he would have been willing to have taken Andreu off the notice of termination and the termination reduced to a suspension.

18. Local 705 business agent Ken Emanuelson attempted on two occasions to submit an untimely grievance on Andreu's behalf but UPS refused to accept it.

19. Although UPS maintains the position that any grievance concerning Andreu's position is untimely, UPS agreed that the Union could bring the matter to the joint UPS/Local 705 grievance panel. The matter was deadlocked and has been submitted for arbitration. An arbitration hearing before Arbitrator Paul F. Gerhart had been scheduled for June 13, 2007 but was delayed at Andreu's request.

20. On January 24, 2005, Andreu injured his back while working and subsequently filed a worker's compensation claim.

21. There is no "causal connection" between Andreu's worker's compensation claim

and his being placed on notice of termination or his subsequent discharge due to Local 705 failing to file a timely grievance.

22. Andreu's claims are preempted by § 301 of the National Labor Relations Act as any decision by this Court would require it to construe the collective bargaining agreement between UPS and Local 705.

23. In support of its Motion, UPS submits its Memorandum of Law, Rule 56.1 Statement of Undisputed Material Facts and supporting Appendix of exhibits.

WHEREFORE, UPS requests that it be granted summary judgment on all of the claims of the Plaintiff Jose Andreu and be awarded its costs, including reasonable attorney's fees.

DATED:   January 7, 2008            UNITED PARCEL SERVICE, INC.

                                    By:   /s/ *D. Scott Watson*
                                          One of Its Attorneys

John A. Klages (ARDC #06196781)
D. Scott Watson (ARDC # 06230488)
Ellen M. Girard (ARDC #06276507)
Quarles & Brady LLP
500 West Madison, Suite 3700
Chicago, IL 60661
312/715-5000
312/715-5155 (fax)

4

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on January 7, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Timothy J. Coffey
>The Coffey Law Office, P.C.
>1403 East Forest Avenue
>Wheaton, Illinois 60187
>Email: tcofflaw@sbcglobal.net

                                    /s/ *D. Scott Watson*

QBACTIVE\920018.00936\6027724.1