IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE ANDREU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 06132 |
| v. ) | |
| ) | Judge Der-Yeghiayan |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT UNITED PARCEL SERVICE'S
RESPONSE TO PLAINTIFF ANDREU'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Defendant United Parcel Service ("UPS"), pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(b), submits its response to Plaintiff Jose Andreu's ("Andreu") Motion for Partial Summary Judgment regarding UPS's affirmative defense that Andreu failed to mitigate his damages. Andreu's Motion is based entirely on his claimed efforts to find work after his March 4, 2005 discharge from UPS. But Andreu's Motion misses the point and should be denied as it is undisputed that:

1. On February 10, 2005, Andreu was placed on "Notice of Termination" by UPS for his untruthfulness the previous workday in grossly overstating the size of his undelivered workload to try and avoid having to make a time-consuming priority service call to an off-route customer;

2. "Notice of Termination" is a labor contract procedure under which an employee who has engaged in misconduct continues working pending negotiations between UPS and his Union as to his penalty, which may

    be discipline short of termination, if his Union files a timely grievance on his behalf;

3.  Andreu and his Union failed to timely file a grievance concerning the disciplinary action taken;

4.  Upon his Union's failure to file a timely grievance on his behalf, UPS considered Andreu's employment terminated, pursuant to the normal process when the Union does not file a timely grievance on behalf of an employee on "Notice of Termination";

5.  Had Andreu and his Union filed a timely grievance, UPS was willing to reduce Andreu's Notice of Termination to a suspension.

Andreu failed to mitigate his damages by insuring that his Union timely filed a grievance on his behalf. If a grievance had been timely filed it is uncontested that UPS would have been willing to reduce his notice of termination to a suspension or other appropriate penalty, thereby reducing or eliminating Andreu's claimed damages. Plaintiff's Motion for Partial Summary Judgment should be denied.

### A.  UPS's Additional Material Uncontested Facts

On the morning of February 10, 2005, UPS Aurora Center Manager Kerry Snyder met with Andreu and Teamsters Local 705 ("Local 705" or the "Union") Union Steward Pam Treadwell about Andreu's untruthfulness concerning the number of packages on his package car the day before. (A.U.F. ¶ 9).[1] During the meeting, Snyder asked Andreu to explain what happened on February 9, 2005. (A.U.F. ¶ 10). After he heard everything, Snyder told Andreu he

---

[1] "A.U.F." refers to UPS's Statement of Additional Uncontested Facts file contemporaneously with this Memorandum.

was on notice of termination for this untruthful attempt to avoid a work instruction.  (A.U.F. ¶ 11).

Under the provisions of the collective bargaining agreement between IBT Local 705 and UPS applicable to Andreu, an employee put on Notice of Termination continues to work while the issues as to his misconduct and any other relevant issues go through the contractual grievance process, if the Union files a timely grievance.  (A.U.F. ¶ 3).  Depending on the severity of an employee's misbehavior problem, UPS at times issues a Notice of Termination with the expectation that, if a grievance is filed, the employee may have his termination reduced to a warning or other discipline (such as a suspension without pay for a specific period of time) through negotiations with the Union to resolve the grievance.  (A.U.F. ¶ 4).

Snyder had a contractual option to terminate Andreu *immediately* if he had chosen.  The Collective Bargaining Agreement provides that "dishonesty" is a "cardinal offense" allowing for immediate discharge without prior warning or the negotiation process as to an employee's status (while he remains at work) initiated by putting him on "Notice of Termination."  (A.U.F. ¶ 12).  But rather than immediately discharge Andreu for "dishonesty," Snyder chose the less punitive route.  If the Union had filed a grievance, Snyder would have been willing to agree to a discipline for Andreu short of termination.  (A.U.F. ¶ 20).

### The Union Fails to File a Grievance
### So Andreu's "Notice of Termination" Becomes Final

The collective bargaining agreement between UPS and Local 705 requires that grievances challenging disciplinary action be filed with the Company within fifteen (15) days of the imposition of the disciplinary action.  (A.U.F. ¶ 13).  The Union failed to submit a grievance challenging the Notice of Termination within the allotted fifteen (15) days and so, pursuant to the collective bargaining agreement, Andreu was terminated on March 4, 2005.  (A.U.F. ¶¶ 14, 15).

Independent evidence confirming that no grievance was timely filed is that the grievance form eventually submitted by the Union after the fifteen (15) days had run, which had a place for the UPS Manager to sign, acknowledging receipt of a timely filed grievance, *had no such signature*. (A.U.F. ¶¶ 18, 19). The signature line for the Manager's signature is blank. (A.U.F. ¶ 19). *No copy signed by a UPS Manager exists here.* And there is no evidence the Union protested or challenged Manager Snyder's refusal to sign the grievance acknowledging timely receipt. Had it been timely submitted, the Union would certainly have challenged the UPS Manager's refusal to sign.

Although Snyder was willing to negotiate Andreu's status down to discipline short of termination (such as some time off without pay), those discussions would be initiated by a Union grievance filed on Andreu's behalf. But that never happened – a grievance was not timely filed. So Andreu's termination occurred upon, and because of, the fact that fifteen (15) days had passed without a grievance. (A.U.F. ¶ 15).

### Plaintiff's Claims of Mitigation are Inconsequential

Andreu's Rule 56.1(a)(3) Statement of Uncontested Facts are largely uncontested. But Andreu's uncontested facts are inconsequential for purposes of his motion for judgment on UPS's affirmative defense of failure to mitigate damages as Andreu's claimed efforts to find work after his discharge from UPS would not have been necessary if he and his Union had timely filed a grievance *because Andreu would not have been discharged.* If Andreu and his Union had filed a grievance it is uncontested that Center Manager Snyder would have been willing to agree to a lesser discipline. (A.U.F. ¶ 20).

**B.** **Argument**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000).

**Andreu Failed to Mitigate his Damages by Filing a Grievance**
**Pursuant to the Collective Bargaining Agreement**

It is a well accepted tenet in the law that a plaintiff who seeks to recover damages must make reasonable efforts to mitigate those damages. See Ford Motor Co. v. EEOC, 458 U.S. 219, 231, 102 S. Ct. 3057 (1982). Andreu attempts to show that he made efforts to find work after he was discharged from UPS. However, Andreu doesn't even address the fact that, had he and his Union timely filed a grievance under the applicable collective bargaining agreement, his alleged damages would have been severely diminished or, possibly, even eliminated entirely.[2]

Andreu seeks to recover back pay stemming from his discharge from UPS. Andreu was put on Notice of Termination on February 10, 2005, for being untruthful the day before about the number of packages on his package car in an attempt to avoid making a time consuming pick-up at a customer's location. Andreu and his Union had the opportunity to file a grievance challenging the action and it is undisputed, that had a grievance been timely filed, UPS was willing to reduce Andreu's penalty. But Andreu and his Union did not file a grievance within the

---

[2] And as set forth in UPS's Memorandum in Support of Its Motion for Summary Judgment, UPS has agreed that, despite Andreu's failure to timely file a grievance, he can take this matter through the grievance process and, in fact an arbitration had been scheduled but was delayed at Andreu's request.

fifteen (15) days allotted under the collective bargaining and the notice of termination merged into a termination.

A jury could reasonably find that Andreu has not made reasonable efforts to mitigate his alleged damages and is not entitled to any recovery as he could have prevented his termination by filing a grievance. Andreu's motion for partial summary judgment should be denied.

## CONCLUSION

Andreu could have mitigated his damages by simply timely filing a grievance pursuant to the collective bargaining agreement but he and his Union failed to do so. UPS asks this Court to deny Andreu's motion for partial summary judgment and for such other relief as this Court deems appropriate.

Dated: January 28, 2008

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By: /s/ *D. Scott Watson*
   One of Its Attorneys

John A. Klages (ARDC #06196781)
D. Scott Watson (ARDC # 06230488)
Ellen M. Girard (ARDC #06276507)
Quarles & Brady LLP
500 West Madison, Suite 3700
Chicago, IL 60661
312/715-5000
312/715-5155 (fax)
DSW@quarles.com

## CERTIFICATE OF SERVICE

  The undersigned attorney certifies that on January 28, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      Timothy J. Coffey
      The Coffey Law Office, P.C.
      1403 East Forest Avenue
      Wheaton, Illinois  60187
      Email: tcofflaw@sbcglobal.net


        /s/ *D. Scott Watson*