**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE ANDREU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 06132 |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED PARCEL SERVICE'S
RULE 56.1(b) (3) STATEMENT OF ADDITIONAL
UNCONTESTED MATERIAL FACTS**

Defendant United Parcel Service, Inc. ("UPS"), pursuant to Local Rule 56.1(b)(3) of the

Northern District of Illinois, submits its statement of additional uncontested material facts in

response to Plaintiff Jose Andreu's (Andreu") Motion for Partial Summary Judgment.

**Andreu's Employment With UPS**[1]

1.      At all relevant times Andreu was a member of Teamsters Local 705 ("Local 705"

or "the Union").  (Andreu Dep. p. 19).

2.      At all relevant times, Andreu's employment with UPS was governed by a collective

bargaining agreement (the "CBA" or "collective bargaining agreement") entered into between

UPS and Local 705.  (Andreu Dep. pp. 19, 20; Haefke Decl. ¶ 3).

---

[1] "Dep. pp. __" represents cites to depositions.  "Decl. ¶ __" represents cites to declarations.  Documents
cited in UPS' Statement of Additional Uncontested Materials Facts may be found in the Appendix filed
separately herewith.

## "Notice of Termination" Discipline Procedure
### in Collective Bargaining Agreement

3.     For most employee offenses which may result in termination of employment, the collective bargaining agreement between UPS and Local 705 provides a procedure for an employee to continue working until his status is resolved by UPS and the Union through the grievance procedure if the Union files a timely grievance. (Haefke Decl. ¶¶ 4, 6).

4.     Depending on the severity of an employee's misbehavior problem, UPS at times issues a "Notice of Termination" with the expectation that, if a grievance is filed, the employee may have his termination reduced to a warning or other discipline (such as a suspension without pay for a specific period of time) through negotiations with the Union.  (Haefke Decl. ¶ 12).

5.     Usually the Union files a grievance over an employee being put on "Notice of Termination," which initiates discussions between UPS and the Union to resolve the grievance. (Haefke Decl. ¶ 5).

6.     In many instances, an employee on "Notice of Termination" is returned to work by an agreement of UPS and the Union after a grievance is filed on his/her behalf, with discipline such as a warning or an unpaid temporary suspension from work rather than a termination of employment.  (Haefke Decl. ¶ 7).

7.     If UPS and the Union do not agree on a lesser penalty at a lower level hearing, the normal practice is for the grievance to proceed to resolution, first at the joint Union-UPS Grievance Committee meeting (the Panel), and if not resolved there, possibly to arbitration by an outside arbitrator.  (Haefke Decl. ¶ 8).

8.     In cases in which the Union declines to file a timely grievance, the normal procedure is for UPS to impose the discipline noticed shortly after the 15 day time limit for filing a grievance has passed.  (Haefke Decl. ¶ 11).

**Andreu Is Put On Notice Of Termination**

9.      On the morning of February 10, 2005, Union Steward Pam Treadwell got Andreu and took him to Snyder's office where the three of them met.  (Snyder Dep. p. 213; Andreu Dep. pp. 112-113).

10.     During the February 10, 2005 meeting, Snyder asked Andreu to explain what happened on February 9, 2005.  (Andreu Dep. pp. 98, 116).

11.     After he had heard everything, Snyder told Andreu he was on notice of termination for this untruthful attempt to avoid a work instruction.  (Andreu Dep. p. 116; Snyder Dep. pp. 219-20).

12.     Snyder could have terminated Andreu immediately as the collective bargaining agreement between UPS and Local 705 lists "dishonesty" as a cardinal offense subject to termination on the first offense without need for progressive discipline.  (Haefke Decl. ¶ 9).

**The Union Fails To File A Grievance**
**So Andreu's "Notice of Termination" Becomes Final**

13.     The collective bargaining agreement requires that grievances challenging disciplinary action be filed with the Company within fifteen (15) days of the imposition of the disciplinary action.  (Haefke Decl. ¶ 10).

14.     No grievance was filed with UPS within fifteen (15) days of Andreu's Notice of Termination.  (Snyder Dep. pp. 265, 267).

15.     When the Union had not yet filed a grievance over twenty (20) days after Andreu was placed on notice of termination, Snyder met with Andreu and Union Steward Rick Cantu on March 4, 2005 and terminated Andreu's employment.  (Snyder Dep. pp. 210-11; Andreu Dep. p. 129).

16.    Union Business Agent Emmanuelson tried to give Snyder a grievance after Andreu was terminated but Snyder declined to accept it.  (Snyder Dep. pp. 267-69).

17.    Union Business Agent Emmanuelson also tried to get District Labor Relations Manager Tom Haefke to accept a late grievance on Andreu's behalf but Haefke declined to accept it.  (Haefke Decl. ¶ 12).

18.    Local 705's standard grievance form has a place for a UPS manager's signature signifying he/she received a timely grievance.  (Haefke Decl. ¶ 20).

19.    The grievance the Union purported to submit on behalf of Andreu has no signature of a UPS manager.  (Haefke Decl. ¶ 21).

20.    Snyder testified that, had a grievance been timely filed, he would have been willing to have taken Andreu off the notice of termination and the termination reduced to a suspension. (Snyder Dep pp. 256-57).

Dated:  January 28, 2008                                   Respectfully submitted,

                                                           UNITED PARCEL SERVICE, INC.

                                                           By: /s/ D. Scott Watson
                                                                  One of Its Attorneys

John A. Klages (ARDC #06196781)
D. Scott Watson (ARDC # 06230488)
Ellen M. Girard (ARDC #06276507)
Quarles & Brady LLP
500 West Madison, Suite 3700
Chicago, IL 60661
312/715-5000
312/715-5155 (fax)
DSW@quarles.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on January 28, 2008, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Timothy J. Coffey
The Coffey Law Office, P.C.
1403 East Forest Avenue
Wheaton, Illinois  60187
Email: tcofflaw@sbcglobal.net

*/s/ D. Scott Watson*