**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE ANDREU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 06132 |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | Judge Samuel Der-Yeghiayan |
| ) | |
| Defendant. ) | Magistrate Judge Mason |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Jose Andreu ("Jose"), by and through his attorneys, THE COFFEY LAW OFFICE, P.C., and pursuant to Rule 56 of the Federal Rules of Civil Procedure, replies as follows to Defendant's response to his Motion for Partial Summary Judgment on Defendant's "failure to mitigate" affirmative defense.

**Introduction**

As its sole response to Jose's motion for partial summary judgment on its "failure to mitigate " defense, Defendant United Parcel Service, Inc. ("UPS"), urges this Court to accept a novel factual theory devoid of any legal basis. UPS and its well-armed force of legal counsel in fact failed to cite even one legal authority in support of its apparently never-before asserted claim that Jose failed to mitigate his damages as a matter of law because his Union failed to file a timely grievance. Inherent in its flawed argument is the idea that Jose should be held legally responsible for his Union's alleged malfeasance. But, again, UPS entirely fails to provide this Court with any legal authority to support such vicarious liability on the part of Jose. Indeed, there simply is none in the "failure to

mitigate" body of jurisprudence. This Court should therefore summarily reject UPS's half-baked contention and enter summary judgment against it on its failure to mitigate defense.

## Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986), quoting Fed. R. Civ. Pro. 56( c). While this Court draws inferences from the record in the light most favorable to the non-moving party, it is not required to draw every conceivable inference, but rather only those that are reasonable. *De Valk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex,* 477 U.S. at 324.

The plain language of Rule 56( c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. "In such a situation there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

**Argument**

I.  **UPS Has Never Offered Jose Reinstatement**

What UPS essentially argues is that its alleged willingness to return Jose to work had the Union filed a timely grievance, is the legal equivalent of an offer of reinstatement. It is well settled that "[a]bsent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability." *Ford Motor Co. v. EEOC*, 458 U.S. 219, 241, 102 S. Ct. 3057 (1982). But exactly how an alleged, uncommunicated "willingness" that is contingent on a third-party's performance is legally analogous to a reinstatement offer, UPS declines to explain. Rather, UPS defends Jose's motion for partial summary judgment with sheer postulation and hypothetical guess work (a.k.a., "smoke and mirrors").

First, there would have to be an actual offer of reinstatement, or at least the conditional promise of reinstatement, to Jose. Here, it is uncontested that UPS has never offered reinstatement to Jose, whether conditional or not. The notion of some alleged willingness to reinstate him on the condition that the Union file a timely grievance first arose at the deposition of Kerry Snyder on July 11, 2007– in excess of 2 years and 4 months after UPS claims it would have returned Jose to work. So, here, there was no offer of reinstatement, or anything even closely resembling one. Moreover, what there was (i.e., Snyder's thought of conditional reinstatement), was not communicated to Jose until years after he could have actually done something about it.

Next, it is likewise undisputed that there has never been any legal bar or impediment to UPS simply offering to return Jose to work, with or without any discipline for his alleged dishonesty on February 9, 2005. UPS could have made such an offer, but never did.

Instead, it choose to continue a fight in part by asserting the repugnant, and absolutely legally baseless and irrelevant thought that once upon a time it would have been "willing" to do return Jose to work if the union would have done x, y or z. Such gamesmanship is hogwash, and nothing more than an insult to a man who devoted himself to UPS for nearly 10 years.

## II.  Through Its Response, UPS Admits It Cannot Prove Jose Failed to Mitigate His Damages

As Jose correctly argued in his motion, UPS must prove both that he was not reasonably diligent in seeking comparable employment, and that with the exercise of reasonable diligence there was a reasonable chance that he would have found comparable employment. See *EEOC v. Ilona of Hungary, Inc*, 108 F.3d 1569, 1581 (7th Cir. 1997), citing *Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994), and *EEOC v. Gurnee Inn*, 9134 F.2d 815, 818 (7th Cir. 1990). Now, having had every opportunity to produce its supporting evidence, it is unquestionably clear that UPS as a matter of law cannot satisfy its burden of proving either of the two prongs of its failure to mitigate defense. It has failed to identify or produce any documents that support either Jose's lack of reasonable diligence, or the availability of comparable jobs in the relevant geographical area. It has similarly failed to identify any witness, whether lay or expert, who has information that would support either prongs of its asserted failure to mitigate defense. It has completely failed to produce any evidence that comparable positions were, or even may have been available in the relevant geographical area. Given the complete lack of probative evidence, there can be no triable of issue of fact with respect to UPS's asserted failure to mitigate defense. This Court should therefore follow the mandate of Rule 56 and

enter summary judgment against UPS on this issue.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

## Conclusion

Based on aforementioned facts, legal authority and arguments, there are no triable issues of fact with respect to UPS's asserted failure to mitigate defense.  This Court should accordingly enter partial summary judgment against UPS on this issue.

        Respectfully submitted,
        Plaintiff, JOSE ANDREU,

By:   /s/ Timothy J. Coffey
       Timothy J. Coffey
       THE COFFEY LAW OFFICE, P.C.
       Attorneys for JOSE ANDREU
       1403 E. Forest Avenue
       Wheaton, IL  60187
       (630) 534-6300