**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE ANDREU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6132 |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| Defendant. | ) | Magistrate Judge Mason |

**PLAINTIFF'S LOCAL RULE 56.1(a) RESPONSE TO DEFENDANT'S RULE 56.1(b)(3)
STATEMENT OF ADDITIONAL ALLEGEDLY UNCONTESTED MATERIAL FACTS**

Plaintiff, JOSE ANDREU, by and through his attorneys, THE COFFEY LAW

OFFICE, P.C., states as follows as and for his Local Rule 56.1(a) Response to

Defendant UPS's Rule 56.1(b)(3) Statement of Additional Allegedly Uncontested

Material Facts.[1]

1.    At all relevant times Andreu was a member of Teamsters Local 705

("Local 705 or "the Union"). (Andreu Dep. p. 19).

**Response:**  Agree.

---

[1] Defendant's Rule 56.1(b)(3) Statement of Additional Uncontested Material Facts is comprised of 20 allegedly uncontested fact paragraphs taken verbatim from Defendant's Rule 56.1 Statement of Uncontested Material Facts filed on January 7, 2008, in support of Defendant's Motion for Summary Judgment filed that same day.   Plaintiff has accordingly already responded to each of these 20 statements of additional facts in his Rule 56.1(b)(3) Response filed on January 28, 2008.  For ease of reference, Plaintiff replicates his prior responses to these 20 "additional" facts herein. Where herein Plaintiff cites additional paragraphs and/or exhibits as support for disagreement with the additional facts, these paragraphs and/or exhibits can be found in his Rule 56.1(b)(3)( C) Statement of Additional Facts and supporting Exhibits filed on January 28, 2008.

2.    At all relevant times, Andreu's employment with UPS was governed by a

collective bargaining agreement (the "CBA" or "collective bargaining agreement")

entered into between UPS and Local 705. (Andreu Dep. pp. 19, 20; Haefke Decl. ¶ 3).

**Response:**    Agree.

3.    For most employee offenses which may result in termination of

employment, the collective bargaining agreement between UPS and Local 705 provides

a procedure for an employee to continue working until his status is resolved by UPS

and the Union provided through the grievance procedure (Haefke Decl. ¶ 4).

**Response:**    Plaintiff objects to this purported evidence on the grounds that neither the

CBA nor the grievance procedures thereunder were disclosed by UPS as subjects that

Mr. Tom Haefke had knowledge of and that UPS may use to support its claims or

defenses in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1,

UPS Amd. R26(a)(1) Discls.  This purported evidence should also be excluded as UPS

disclosed no expert witnesses, and Mr. Haefke's proposed testimony is technical and/or

specialized knowledge based on his experience, training and/or education, and thus is

expert testimony under FRE 702.

Plaintiff also objects on the grounds that this purported fact is ambiguous and

vague in its use of the term "most employee offenses."  Lastly, the purported fact is not

relevant to this action, and any slight relevance is substantially outweighed by the

danger of unfair prejudice, confusion of issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative

evidence.  See FRE 401 and 403.  Subject to and without waiving his objections,

Plaintiff responds that he is without sufficient information to either agree or disagree with the truth of this purported fact.

4.      Depending on the severity of an employee's misbehavior problem, UPS at times issues a "Notice of Termination" with the expectation that, if a grievance is filed, the employee may have his termination reduced to a warning or other discipline (such as a suspension without pay for a specific period of time) through negotiations with the Union.  (Haefke Decl. ¶ 12).

**Response:**   Plaintiff objects to this purported evidence on the grounds that neither the CBA nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr. Tom Haefke had knowledge of and that UPS may use to support its claims or defenses in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd. R26(a)(1) Discls.  This purported evidence should also be excluded as UPS disclosed no expert witnesses, and Mr. Haefke's proposed testimony is technical and/or specialized knowledge based on his experience, training and/or education, and thus is expert testimony under FRE 702.

Plaintiff also objects on the grounds that this purported fact is ambiguous and vague in its use of the term "depending on the severity of an employee's misbehavior problem."  Lastly, the purported fact is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his objections, Plaintiff responds that he is without sufficient information to either agree or disagree with the truth of this purported fact.

5.      Usually the Union files a grievance over an employee being put on "Notice of Termination," which initiates discussions between UPS and the Union to resolve the grievance. (Haefke Decl. ¶ 5).

**Response:**   Plaintiff objects to this purported fact on the grounds that neither the Union's "usual" procedures nor the CBA, or the grievance procedures thereunder were disclosed by UPS as subjects that Mr. Tom Haefke had knowledge of and that UPS may use to support its claims or defenses in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd. R26(a)(1) Discls.  This purported evidence should also be excluded as UPS disclosed no expert witnesses, and Mr. Haefke's proposed testimony is technical and/or specialized knowledge based on his experience, training and/or education, and thus is expert testimony under FRE 702.

Plaintiff also objects on the grounds that this purported fact is ambiguous and vague in its use of the term "usually."  Lastly, the purported fact is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his objections, Plaintiff disagrees with the truth of this purported fact, and affirmatively states that discussions to resolve grievances are initiated by the Union raising the complaint verbally with the appropriate UPS supervisor or manager, not by written grievance.  See Ex. 2, Local 705-UPS CBA, Art. 7, Sec 1, p. 13.

6.      In many instances, an employee on "Notice of Termination" is returned to work by an agreement of UPS and the Union after a grievance is filed on his/her behalf,

with discipline such as a warning or an unpaid temporary suspension from work rather than a termination of employment. (Haefke Decl. ¶ 7).

**Response:**   Plaintiff objects to this purported fact on the grounds that neither the CBA nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr. Tom Haefke had knowledge of and that UPS may use to support its claims or defenses in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd. R26(a)(1) Discls.   This purported evidence should also be excluded as UPS disclosed no expert witnesses, and Mr. Haefke's proposed testimony is technical and/or specialized knowledge based on his experience, training and/or education, and thus is expert testimony under FRE 702.

Plaintiff also objects on the grounds that this purported fact is ambiguous and vague in its use of the term "[i]n many instances."  Lastly, the purported fact is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his objections, Plaintiff responds that he is without sufficient information to either agree or disagree with the truth of this purported fact.

7.      If UPS and the Union do not agree on a lesser penalty at a lower level hearing, the normal practice is for the grievance to proceed to resolution, first at the joint Union-UPS Grievance Committee meeting (the Panel), and if not resolved there, possibly to arbitration by an outside arbitrator. (Haefke Decl. ¶ 8).

**Response:**   Plaintiff objects to this purported fact on the grounds that neither the CBA

nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr.

Tom Haefke had knowledge of and that UPS may use to support its claims or defenses

in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd.

R26(a)(1) Discls.  This purported evidence should also be excluded as UPS disclosed

no expert witnesses, and Mr. Haefke's proposed testimony is technical and/or

specialized knowledge based on his experience, training and/or education, and thus is

expert testimony under FRE 702.

Plaintiff also objects on the grounds that this purported fact is ambiguous and

vague in its use of the term "the normal practice."  Lastly, the purported fact is not

relevant to this action, and any slight relevance is substantially outweighed by the

danger of unfair prejudice, confusion of issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative

evidence.  See FRE 401 and 403.  Subject to and without waiving his objections,

Plaintiff responds that he is without sufficient information to either agree or disagree

with the truth of this purported fact.

8.    In cases in which the Union declines to file a timely grievance, the normal

procedure is for UPS to impose the discipline noticed shortly after the 15 day time limit

for filing a grievance has passed. (Haefke Decl. ¶ 11).

**Response:**  Plaintiff objects to this purported fact on the grounds that neither the CBA

nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr.

Tom Haefke had knowledge of and that UPS may use to support its claims or defenses

in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd.

R26(a)(1) Discls.  This purported evidence should also be excluded as UPS disclosed

6

no expert witnesses, and Mr. Haefke's proposed testimony is technical and/or

specialized knowledge based on his experience, training and/or education, and thus is

expert testimony under FRE 702.

Plaintiff also objects on the grounds that this purported fact is ambiguous and

vague in its use of the term "the normal procedure."  Lastly, the purported fact is not

relevant to this action, and any slight relevance is substantially outweighed by the

danger of unfair prejudice, confusion of issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative

evidence.  See FRE 401 and 403.  Subject to and without waiving his objections,

Plaintiff responds that he is without sufficient information to either agree or disagree or

deny the truth of this purported fact.

9.    On the morning of February 10, 2005, Union Steward Pam Treadwell got

Andreu and took him to Snyder's office where the three of them met. (Snyder Dep. p.

213; Andreu Dep. pp. 112-113).

**Response:**    Disagree in part.  Snyder twice testified that Ziltz was also at the February

10, 2005, meeting in his office.   Ex. 6, Snyder Dep. pp. 212-13, 242.  He also wrote in

his March 24, 2005, memo to his boss, Randy Dunn, that Ziltz was present at this

meeting.   See Ex. 6, Snyder Dep. Ex. 5, Snyder 03/24/05 Memo.

10.    During the February 10, 2005 meeting, Snyder asked Andreu to explain

what happened on February 9, 2005. Andreu told his story, including admitting he had

claimed he had "about 60" stops remaining. (Andreu Dep. pp. 98, 116).

**Response:**    Plaintiff objects to the purported fact on the grounds that it is vague,

ambiguous and, as written, mischaracterizes the record.  As Jose stated in his

deposition, on February 10, 2005, he told Snyder that at about 3 p.m. on the preceding

day he stated to Cheryl Bast that he had about 60 stops remaining on his truck.  Jose

has never varied from this statement, whether at his deposition or elsewhere.  Ex. 5,

Andreu Dep. pp. 95-96, 116.   There is thus no "admission"–at least not one against

Jose's interest.  What there is, however, is a material factual dispute with Jose saying

this communication with Bast took place at about 3 p.m., on the one hand, and Bast

saying it took place at about 4:10 p.m., on the other.  See ¶¶ 31-33 of Plaintiff's Rule

56.1(b)(3)( C) Statement of Additional Facts filed January 28, 2008.  Ex. 3, Bast Dep.

pp. 32-4.

11.     After he had heard everything, Snyder told Andreu he was on notice of

termination for this untruthful attempt to avoid a work instruction. (Andreu Dep. p. 116;

Snyder Dep. pp.  219-20).

**Response:**   Disagree in part.  Nowhere on the cited pages do either Jose or Snyder

testify that the February 10, 2005, notice of termination was due to an "untruthful

attempt to avoid a work instruction."   See ¶¶ 58-61of Plaintiff's Rule 56.1(b)(3)( C)

Statement of Additional Facts filed January 28, 2008, for other shifting variations of

UPS's alleged reasons for terminating Jose's employment.

12.     Snyder could have terminated Andreu immediately as the CBA between

UPS and Local 705 lists "dishonesty" as a cardinal offense subject to termination on the

first offense without need for progressive discipline. (Haefke Decl. ¶ 9).

**Response:**   Plaintiff objects to this purported fact on the grounds that neither the CBA

nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr.

Tom Haefke had knowledge of and that UPS may use to support its claims or defenses

8

in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd. R26(a)(1) Discls.  This purported evidence should also be excluded because  UPS failed to disclose a single expert witness, and Mr. Haefke's proposed testimony is technical and/or specialized knowledge based on his experience, training and/or education, and thus is expert testimony under FRE 702.

Plaintiff also objects to this purported fact on the grounds that it is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his objections, Plaintiff agrees.

13.     The collective bargaining agreement requires that grievances challenging disciplinary action be filed with the Company within fifteen (15) days of the imposition of the disciplinary action. (Haefke Decl. ¶ 10).

**Response:**  Plaintiff objects to this purported fact on the grounds that neither the CBA nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr. Tom Haefke had knowledge of and that UPS may use to support its claims or defenses in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd. R26(a)(1) Discls.  This purported evidence should also be excluded because UPS failed to disclose a single expert witness, and Mr. Haefke's proposed testimony is technical and/or specialized knowledge based on his experience, training and/or education, and thus is expert testimony under FRE 702.

Plaintiff also objects to this purported fact on the grounds that it is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair

prejudice, confusion of issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401

and 403.  Subject to and without waiving his objections, Plaintiff agrees.

14.    No grievance was filed with UPS within fifteen (15) days of Andreuʼs

Notice of Termination. (Snyder Dep. pp. 265, 267).

**Response:**  Plaintiff also objects to this purported fact on the grounds that it is not

relevant to this action, and any slight relevance is substantially outweighed by the

danger of unfair prejudice, confusion of issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative

evidence.  See FRE 401 and 403.  Subject to and without waiving his objections,

Plaintiff disagrees.  See ¶¶ 46-53 of Plaintiff's Rule 56.1(b)(3)( C) Statement of

Additional Facts filed January 28, 2008. .

15.    When the Union had not yet filed a grievance over twenty (20) days after

Andreu was placed on notice of termination, Snyder met with Andreu and Union

Steward Rick Cantu on March 4, 2005 and terminated Andreuʼs employment. (Snyder

Dep. pp. 210-11; Andreu Dep. p. 129).

**Response:**  Plaintiff also objects to the "grievance" part of this purported fact on the

grounds that it is not relevant to this action, and any slight relevance is substantially

outweighed by the danger of unfair prejudice, confusion of issues, or misleading the

jury, or by considerations of undue delay, waste of time, or needless presentation of

cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his

objections, Plaintiff disagrees in part.  See ¶¶ 46-53 of Plaintiff's Rule 56.1(b)(3)( C)

Statement of Additional Facts filed January 28, 2008.

10

16.    Union Business Agent Emmanuelson [(sic)] tried to give Snyder a grievance after Andreu was terminated but Snyder declined to accept it. (Snyder Dep. pp. 267-69).

**Response:**    Plaintiff also objects to this purported fact on the grounds that it is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his objections, Plaintiff disagrees in part.  See ¶¶ 46-53 of Plaintiff's Rule 56.1(b)(3)( C) Statement of Additional Facts filed January 28, 2008.

17.    Union Business Agent Emmanuelson [(sic)] also tried to get District Labor Relations Manager Tom Haefke to accept a late grievance on Andreu's behalf but Haefke declined to accept it. (Haefke Decl. ¶ 12).

**Response:**    Plaintiff objects to this purported fact on the grounds that neither the CBA nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr. Tom Haefke had knowledge of and that UPS may use to support its claims or defenses in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd. R26(a)(1) Discls.

Plaintiff also objects to this purported fact on the grounds that it is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his objections, Plaintiff disagrees in part.  As

explained below, the grievance was not "late."  See ¶¶ 46-53 of Plaintiff's Rule 56.1(b)(3)( C) Statement of Additional Facts filed January 28, 2008.

18.     Local 705's standard grievance form has a place for a UPS manager's signature signifying he/she received a timely grievance. (Haefke Decl. ¶ 20).

**Response:**   Plaintiff objects to this purported fact on the grounds that neither the CBA nor the grievance procedures thereunder were disclosed by UPS as subjects that Mr. Tom Haefke had knowledge of and that UPS may use to support its claims or defenses in violation of UPS's obligations under Fed. R. Civ. P. 26(a)(1).  See Ex. 1, UPS Amd. R26(a)(1) Discls.

Plaintiff also objects to this purported fact on the grounds that it is not relevant to this action, and any slight relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See FRE 401 and 403.  Subject to and without waiving his objections, Plaintiff agrees that the standard grievance form has a line for managers to sign, but disagrees that signatures on this line necessarily indicate that the grievance was "timely."   See ¶¶ 46-53 of Plaintiff's Rule 56.1(b)(3)( C) Statement of Additional Facts filed January 28, 2008.

19.     The grievance the Union purported to submit on behalf of Andreu has no signature of a UPS manager. (Haefke Decl. ¶ 21).

**Response:**   Disagree in part.   As explained below, Union Representative Ken Emanuelson in fact submitted Jose's grievance to Manager Kerry Snyder on March 2, 2005.  See ¶ 46-53 of Plaintiff's Rule 56.1(b)(3)( C) Statement of Additional Facts filed January 28, 2008.

12

20.     Snyder testified that, had a grievance been timely filed, he would have been willing to have taken Andreu off the notice of termination and the termination reduced to a suspension. (Snyder Dep. pp. 256-57).

**Response:**     Disagree.  As explained below, Union Representative Ken Emanuelson in fact submitted a timely grievance on Jose's behalf, but Snyder refused to accept it. See ¶ 46-53 of Plaintiff's Rule 56.1(b)(3)( C) Statement of Additional Facts filed January 28, 2008.

Date:  February 11,  2008

Respectfully Submitted,
Plaintiff, JOSE ANDREU,


By::____/s/ Timothy J. Coffey_____
          Timothy J. Coffey
          THE COFFEY LAW OFFICE, P.C.
          Attorneys for JOSE ANDREU
          1403 E. Forest Avenue
          Wheaton, IL  60187
          (630) 534-6300